**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Phillip Jean GILLES, aka Albert Taylor, Phillip Gilles, Phillip J. Gilles, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Francisco Davon Brittingham, a/k/a Paul Rogers, Francisco Davon Brittingham, Francesco Davon Brittingham and Francesco Levon Brittingham, Defendant–Appellant.**

**Nos. 05–50640, 05–50760.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2007.

Filed Jan. 31, 2007.

Becky S. Walker, Esq., Mark C. Krause, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jean–Claude Andre, Esq., Ivey Smith & Ramirez, Los Angeles, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and SMITH, Circuit Judges.

MEMORANDUM *

The district court properly denied the defendants' motion to suppress. The defendants were under arrest at the point they were informed they were being detained pending the application of a search warrant for their luggage. Given the tip to the FBI, the corroboration of that tip by several law enforcement agencies, and the lies told by the defendants while the encounter with the DEA was still consensual, there was probable cause for that arrest.[1]

Consent was still necessary to search the defendants' luggage. But, after weighing the appropriate factors, the district court found the defendants' consent was free and voluntary—and we can find no clear error in this determination.[2] "[W]e previously have held that even in the unfortunate absence of a search warrant, the existence of probable cause, as in the present case, lessens any need for us to deem that a consent was invalid on the basis of a police officer's statements regarding the obtaining of a search warrant."[3] Brittingham's suggestion that there is no factual basis for his acquiescence to the search is without merit.

Defendants' motion to dismiss the indictment was properly denied. Nothing indicates that the destruction of the liquid discovered in the defendants' luggage was

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  *See United States v. Rodriguez,* 869 F.2d 479, 483 (9th Cir.1989).

2.  *See United States v. Meza–Corrales,* 183 F.3d 1116, 1125 (9th Cir.1999); *United States v.*

*Chan–Jimenez,* 125 F.3d 1324, 1326–27 (9th Cir.1997).

3.  *United States v. Meza–Corrales,* 183 F.3d 1116, 1125 (9th Cir.1999) (citing *United States v. Kaplan,* 895 F.2d 618, 622 (9th Cir.1990)).

done in bad faith,[4] and nothing suggests that the evidence was materially relevant or exculpatory.[5]

There was no error in the district court's findings regarding the quantity of drugs that the defendants possessed. The parties' joint stipulation did not place a ceiling on the amount the court could find that the defendants possessed, and Gilles's claim of confusion is refuted by the trial transcript. The government submitted substantial evidence to tie the defendants to the quantity of PCP charged in the indictment.

Gilles was not sentenced above the statutory maximum and his sentence was within the guideline range as set out by the pre-sentencing report. Therefore his argument that the district court found facts that unconstitutionally enhanced his sentence is without merit. The decision of the court not to grant Brittingham a minor role reduction was not clearly erroneous.[6]

**AFFIRMED.**

---

4. *See Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

5. *See California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

6. *See United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994).

